THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS T. WILLIAMS

        Plaintiff,          Case No. 07-10311

vs.

        CHIEF DISTRICT JUDGE BERNARD A. FRIEDMAN
        MAGISTRATE JUDGE STEVEN D. PEPE

SUNRISE WINDOWS, LTD.

        Defendants.
_____/

## ORDER REGARDING DKT. #16

On January 19, 2007, Plaintiff filed a Complaint and Motion for Other Relief. At that time, Plaintiff also filed Applications both to Proceed *In Forma Pauperis* and for Appointment of

Counsel (Dkt. ##1, 2, 3). On February 2, 2007, Plaintiff's Application to Proceed *In Forma Pauperis* was granted, and his Application for Appointment of Counsel was denied (Dkt. ## 3, 4).

On July 18, 2007, the Court issued an Order to Show Cause requiring Plaintiff "to show cause, within 10 days of receipt of this order why a Report and Recommendation of dismissal of this matter under Rule 4(m), Federal Rules of Civil Procedure should not be entered on account of Plaintiff's failure to effectuate service of summons and complaint on this matter" (Dkt. #7). Plaintiff filed a Response Order to Show Cause on July 27, 2007 (Dkt. #8). On November 2, 2007, Plaintiff filed another Motion for Appointment of Counsel (Dkt. # 16).

1

All pretrial proceedings were referred to the undersigned on March 22, 2007, pursuant to 28 U.S.C. § 636(b)(1)(A).

For the reasons indicated below, **IT IS ORDERED THAT**:

1. Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Previously, Judge Friedman denied Plaintiff's request for appointment of counsel. Nothing has occurred to justify modifying his decision.

Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). Based on several considerations, Plaintiff's claim is denied.

Plaintiff's complaint focuses on claims Plaintiff brought action pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Plaintiff alleges that Defendant's discriminatory action arose "around about 1-30-2006" (Dkt. # 1, p.1). Plaintiff alleges that he was discriminated against on account of his race when his employment was terminated. The factual issues raised lack the detail or specificity necessary to suggest that this case possesses the complexity that would necessitate the appointment of counsel. To date, Plaintiff's claim consists of nothing more than his assertion that he was terminated from employment, on account of his

race "around about 1-30-2006."

There is a scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment. Their services must be carefully rationed to the most appropriate cases.

Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**SO ORDERED.**

Date: November 14, 2007       s/Steven D. Pepe
Ann Arbor, Michigan      United States Magistrate Judge

CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Erik G. Chappell and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Louis T. Williams, 224 Rockingham, Toledo, OH 43610

s/ James P. Peltier
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peliter@mied.uscourts.gov