THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LOUIS T. WILLIAMS

    Plaintiff,    Case No. 07-10311

vs.

              CHIEF JUDGE BERNARD A. FRIEDMAN
              MAGISTRATE JUDGE STEVEN D. PEPE


SUNRISE WINDOWS, LTD.

    Defendants.
_____/


**REPORT AND RECOMMENDATION REGARDING
DISMISSAL OF PLAINTIFF'S COMPLAINT**

  On January 19, 2007, Plaintiff filed a Complaint and Motion for Other Relief. At that time, Plaintiff also filed Applications both to Proceed *In Forma Pauperis* and for Appointment of Counsel (Dkt. ## 1, 2, 3). On February 2, 2007, Plaintiff's Application to Proceed *In Forma Pauperis* was granted, and his Application for Appointment of Counsel was denied (Dkt. ## 3, 4).

  On July 18, 2007, the Court issued an Order to Show Cause requiring Plaintiff "to show cause, within 10 days of receipt of this order why a Report and Recommendation of dismissal of this matter under Rule 4(m), Federal Rules of Civil Procedure should not be entered on account of Plaintiff's failure to effectuate service of summons and complaint on this matter" (Dkt. # 7). Plaintiff filed a Response Order to Show Cause on July 27, 2007 (Dkt. # 8). On November 2,

1

2007, Plaintiff filed another Motion for Appointment of Counsel (Dkt. # 16) which was denied (Dkt. # 17).

Defendant served interrogatory and document requests upon Plaintiff on October 17, 2007, with responses due on November 19, 2007 (Dkt. # 18, p. 2). On December 11, 2007, Defendant filed a motion to compel discovery responses from Plaintiff. *Id.* Plaintiff filed a motion seeking an extended deadline beyond the 14 days sought by Defendant because he was still trying to obtain legal representation (Dkt. # 22). Both parties' motions were granted on January 4, 2008 (Dkt. # 23). Plaintiff was warned that even though he was proceeding *pro se*, he "must make good faith efforts to proceed with [his] suit." Plaintiff was given until January 25, 2008, to respond to Defendant's discovery, which was over three months from the original date of service.

No responses were filed, and on February 7, 2008, Defendant filed a motion for sanctions in the form of dismissal (Dkt. # 24). On February 12, 2008, instead of dismissing the case, Plaintiff was given a second extension of time to comply. The Court Order stated that "Plaintiff shall respond to Defendants' discovery by February 27, 2008," specifically warning Plaintiff that "failure to do so may result dismissal of Plaintiff's suit" (Dkt. # 25, p. 2).

Again, Plaintiff made no response, and on March 19, 2008, Defendant filed a renewed motion for dismissal of Plaintiff's claim (Dkt. # 26). On March 25, 2008, the undersigned issued an order requiring Plaintiff show "on or before Friday April 11, 2008, as to why Defendant's motion to dismiss should not be granted" (Dkt. # 27, p. 3). Plaintiff has not responded to either of these last two motions. All pretrial proceedings were referred to the undersigned on March 22, 2007, pursuant to 28 U.S.C. § 636(b)(1)(A).

As this Court has previously noted, Plaintiff's Complaint filed on January 19, 2007, has languished on account of Plaintiff's inability to procure legal representation or respond to Defendant's discovery requests. While Plaintiff responded to this Court's earlier order to show cause (Dkt. ## 7, 8), and provided this Court with a witness list (Dkt. # 20), Plaintiff has failed to comply with this Court's two orders of January 4 and February 12 regarding discovery (Dkts. ## 23 & 25). He was warned that failure to respond could result in dismissal of his claims.

Federal Rule of Civil Procedure 37 provides that "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Federal Rule 37 also provides for the imposition of sanctions for the failure to comply with a court order. Fed. R. Civ. P. 37(b).

Federal Rule 37 "establishes the mechanisms" by which other rules of discovery "can be made effective." 8 WRIGHT, MILLER & MARCUS FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2281. Rule 37 provides that "serious consequences," including dismissal of a claim, may be appropriate for "any party or person who seeks to evade or thwart full and candid discovery." *Id.* Under this Rule, Defendant has filed numerous motions seeking Plaintiff's compliance with discovery.

Federal Rule of Civil Procedure 41 provides for involuntary dismissal when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). *See Link v. Wabash R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734, 6 Fed. R. Serv. 2d 831 (1962) (Court may *sua sponte* dismiss case on account of plaintiff's failure to prosecute). Federal Rule 41(b) grants district courts the inherent authority to involuntarily dismiss a suit "if the ground for dismissal is want of prosecution." 9 WRIGHT, MILLER & MARCUS FEDERAL PRACTICE AND

PROCEDURE: CIVIL 2d § 2369.

Plaintiff repeatedly has failed to respond to this Court's orders to respond to Defendant's interrogatories and document requests, even after being warned that dismissal was an available sanction. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to comply with the orders of January 4 and February 12 or show cause why dismissal is not appropriate.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. If the Court determines any objections are without merit, it may rule without awaiting the response

to the objections.


Date: May 13, 2008.             s/Steven D. Pepe
Ann Arbor, Michigan           United States Magistrate Judge


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 13, 2008.


         s/ Alissa Greer
         Case Manager to Magistrate
         Judge Steven D. Pepe
         (734) 741-2298